UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 04-25-DCR |
| ) | |
| V. ) | |
| ) | |
| RAFAEL GOMEZ, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Rafael Gomez and a co-Defendant, Eulogio Ramirez-Olivas, engaged in a conspiracy to distribute marijuana in this judicial district. The conspiracy occurred during February 2004 and an indictment was returned the same month. [Record No. 5] Shortly thereafter, Gomez entered a guilty plea pursuant to a written Plea Agreement with the government. [Record No. 25] Gomez's Plea Agreement provides details concerning this crime.

> (a) On or about February 4, 2014, in Fayette County, in the Eastern District of Kentucky, the Defendant aided and abetted by Eulogio Ramirez-Olives [sic] possessed with intent to distribute approximately 720 pounds of marijuana. The Defendant, Ramirez-Olivas, and a third person arrived in the parking lot behind Climotos Mexican Restaurant on Versailles Road. The Defendant and the third person arrived in the Defendant's car, while Ramirez-Olivas arrived in a pickup. Once in the parking lot, Ramirez-Olivas backed the pickup to the rear of a tractor-trailer parked in the parking lot. All three men then proceeded to transfer several packages from inside the trailer into the bed of the pickup. Thereafter, Ramirez-Olivas drove away in the pickup, which the Defendant drove away in his car. The third person apparently stayed with the tractor-trailer. The Defenant and Ramirez-Olivas were both stopped for traffic

violations. Ramirez-Olivas abandoned the pickup and fled on foot before being arrested. A search of the packages in the bed of the pickup revealed them to be marijuana. The Defendant was then arrested for his role in transferring the marijuana from the trailer to the pickup.

(b) The marijuana transferred and possessed by the Defendant and Ramirez-Olivas is, in fact, marijuana, a Schedule I controlled substance. The weight is more than 100 kilograms but less than 400 kilograms (i.e. approximately 720 pounds). This amount of marijuana is consistent with distribution and not personal use.

[Record No. 26]

Gomez was sentenced on July 9, 2004, to a term of imprisonment of 70 months, to be served consecutively to a 40-year term of imprisonment imposed in Illinois. The sentence imposed by this Court was at the bottom of the defendant's guideline range of 70-87 months.

At the time of sentencing, the United States Supreme Court had not issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). As a result, the sentencing judge's[1] focus at the time of sentencing was upon the guideline range as opposed to the factors set out in 18 U.S.C. § 3553. However, those statutory factors were noted as having been considered during the sentencing hearing. Further, the transcript of the sentencing hearing makes clear that the sentencing judge imposed a sentence at the bottom of Gomez's guideline range based, in part, upon his argument that he would likely spend the remainder of his life in prison due to a forty-year term of incarceration imposed in Illinois.

---

[1] This matter was assigned originally to United States District Judge Karl S. Forester. Following his untimely passing in 2014, the case was reassigned to the undersigned. [Record No. 59]

After discussing the enhancement applied in calculating Gomez's guideline range based on false information he provided regarding his identity, the defendant's counsel made the following representations in arguing for a sentence at the bottom of the guideline range:

> [Mr. Bradbury[2]:] . . . All that being said, we would still urge the Court to impose the minimum. He's 47 years old. As the Court can see from his presentence investigation report, [in] the Illinois case he was tried in absentia, [and] received 40 years.
>
> THE COURT:     How many?
>
> MR. BRADBURY: 40. Which he didn't even know about until we began having discussions with probation and received the paperwork from there. He simply thought he still had an outstanding warrant. So he has that case, plus he has the case from Missouri, that's a Federal prosecution that would transfer here. So Mr. Gomez faces the very real possibility of spending the rest of his life in prison. We simply ask the Court to impose the minimum of 70 months.

[Record No. 53; Sentencing Hearing Transcript, p. 7] The United States did not object to this request. [*Id*. at p. 8]

In announcing the sentence of imprisonment of 70 months, the sentencing judge noted the following:

> [The Court] . . . From what I can tell from reading the presentence report it is obvious that the defendant has pretty much made a career of dealing in drugs. Even though that is true, in view of the prior sentence which he must serve, the Court is of the opinion that a sentence at the low end of the guideline range here would be appropriate and would meet the objectives as set out in 18 United States Code, Section 3553.

[*Id*. at p. 9] Thereafter, the sentencing judge noted that the term of imprisonment imposed must be served consecutively to the conviction in Illinois (case number 93-CF-64).

---

[2] To avoid confusion, the Court observes that Gomez's attorney, Todd Bradbury, is currently employed in this district as an Assistant United States Attorney.

-3-

On this date, Gomez has moved the Court to reduce his 70 month sentence pursuant to 18 U.S.C. § 3582(c). The defendant does not reference the status of his 40 year state sentence that was the basis for his earlier argument that a 70 month sentence by this Court would be sufficient punishment. However, Gomez asserts that he is currently projected for release on May 31, 2018. In addition to seeking a sentence reduction, Gomez asks the Court to modify his sentence so that it will run concurrently with another federal sentence imposed in the Eastern District of Missouri. [Record No. 60][3] Having reviewed the file of this matter, neither of the defendant's requests will be granted.

In concluding that Gomez's sentence should not be reduced, the undersigned has considered all relevant factors of 18 U.S.C. § 3553 including, but not limited to: the seriousness nature of the offense, the history and characteristics of the defendant, and the need for adequate general and specific deterrence to future criminal conduct. This defendant conspired to distribute a substantial quantity of drugs in this district. In fact, as Judge Forester observed during the defendant's sentencing hearing, Gomez has "made a career" of dealing in illegal drugs. Based on the information outlined in the defendant's motion and in his presentence investigation report, Gomez now has two other drug-related convictions.

---

[3] Gomez is not listed as an inmate currently being held by the Federal Bureau of Prisons according to the BOP's Inmate Locator Service. See http://www.bop.gov/inmateloc/ last visited January 15, 2015. Further, his motion has a return address of NE Ohio Correctional Center in Youngstown, Ohio. Therefore, it does not appear that Gomez has commenced serving the sentence imposed by this Court or, subsequently, by the Federal Court in Missouri. The uncertainty of Gomez's service of state sentences does not affect the outcome of his current motion.

Each indicates significant drug trafficking activities. [*See* Record No. 52; Presentence Investigation Report, ¶¶ 26, 32.]

Further, a reduction of the sentence originally imposed would unduly diminish the severity of the offense. Gomez, a citizen of Mexico but a resident alien at this time of his conviction in this district, has demonstrated that he has no respect for the law of this country. Thus, he remains a danger to the public of re-offending if he is released. Neither general nor specific deterrence will be promoted by a reduction in the defendant's term of incarceration of 70 months.

Finally, with respect to Gomez's second request regarding his federal conviction in Missouri, the Court notes that 18 U.S.C. § 3582 may not be used as a vehicle to modify the terms of a sentence so that it is ordered to run concurrent with another sentence. That is a determination made at the time of sentencing and it may not be raised at this time. However, even if such a request were proper, this Court would designate the defendant's sentence to run consecutive to all other undischarged sentences. Accordingly, it is hereby

**ORDERED** that Defendant Rafael Gomez's Motion for Reduction of Sentence [Record No. 60] is **DENIED**.

This 15th day of January, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge